## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : |
| **GAVIN THOLE,** | : |
| *Alleged Debtor.* | :   **Misc. No. 17-209-JAD** |
| | : |
| | : |
| **FREDERICK BANKS, *et. al.,*** | : |
| *Petitioning Creditors,* | : |
| | : |
| **v.** | :   **Doc. No.** |
| | : |
| **GAVIN THOLE,** | : |
| *Alleged Debtor.* | : |

## MEMORANDUM OPINION

On October 2, 2017, this Court received an Involuntary Petition (ECF No. 1) and an Application to Have the Chapter 7 Filing Fee Waived (ECF No. 2), both filed by Frederick Banks.

On August 4, 2017, the United States District Court for the Western District of Pennsylvania ("District Court") entered an Order Dismissing Case with Prejudice, at *Frederick Banks v. Soo Song, et. al.,* Civil Action No. 17-mc-632 (EFC No. 2) ("District Court Order"). The District Court Order: (a) denied Frederick Bank's request to Proceed in Forma Pauperis, (b) dismissed with prejudice the Complaint filed by Frederick Banks, and (c) pursuant to a previously issued order of the District Court, referred to in the District Court Order as the "Vexatious Litigant Order," directed the Clerk of the District Court that,

under the terms of the undersigned's Vexatious Litigation Order, it is not to accept and/or docket (including in any miscellaneous docket) any application for leave to proceed in forma pauperis, complaint, petition, or other filing by [Frederick Banks] on his behalf (or on behalf of Plaintiff's alias "Hamilton Brown"), <u>even if transferred from [] another district court</u>, unless it is accompanied by the required Motion for Leave and declaration, AND the Court has granted leave. [Frederick Banks] is forewarned that any Motion for Leave and/or declaration is subject to the requirements of Federal Rule of Civil Procedure 11, and that the Court will not hesitate to consider sanctions should the Court find that Plaintiff has violated Rule 11.

A copy of the District Court Order is attached to this Memorandum Opinion as Exhibit "A" and is fully incorporated herein. Similar orders were previously entered by this Court against Frederick Banks as a result of his numerous "frivolous" filings, including many Involuntary Petitions. *See, e.g., Frederick Banks v. T. Blumm*, Misc. No. 11-202-TPA, ECF No. 7, 11 (where the Court found, as of April 2011, Frederick Banks had filed thirty-eight (38) previous cases in this Court that were either summarily dismissed or found to have been frivolous).

The Involuntary Petition names Gavin Thole as the Alleged Debtor and identifies the nature of the claims held by the Petitioning Creditors as being for unwarranted delay, libel, and due process. Significantly, these are the same types of claims dismissed as frivolous by the District Court Order. Although Mr. Thole was not a named defendant in the District Court case, considering the similarity in the allegations made, as well as the facts that the Complaint named as defendants, the Honorable Mark. R. Hornak, U.S. District Judge, and separately, the District Court itself; and further considering that the only address provided for Mr. Thole is that of the District Court, it is highly suggestive that

2

the claims arise from the same series of events (i.e. the alleged mishandling of Mr. Bank's criminal case). Given the disposal of the claims by the District Court as frivolous, the Petitioning Creditors' claims appear to be, at best, subject to a "bona fide dispute." Thus, causing the Involuntary Petition to fail to meet the requirements of 11 U.S.C. § 303, which requires, *inter alia*, that an involuntary petition be commenced by three or more creditors each holding a claim that is neither contingent nor subject to a bona fide dispute. See 11 U.S.C. § 303. Moreover, even if presumed valid, the Petitioning Creditors' claims totaling $3,000.00 fall well below the required monetary threshold for commencement of an involuntary case. Id.[1] Consequently, the Voluntary Petition is defective on its face for failure to meet the requirements of 11 U.S.C. § 303.

In addition to the failure to conform to the requirements of 11 U.S.C. § 303, the Court notes that the Involuntary Petition contains a number of irregularities. For example, as stated above, the street address provided for alleged debtor Gavin Thole is that of the Joseph F. Weis Jr. U.S. Courthouse, which houses the Pittsburgh Division of the District Court. In addition, "Hamilton Brown, LLP" has allegedly signed the document on behalf of the alleged second petitioning creditor. Not only is "Hamilton Brown" identified in the District Court Order as an alias used by Mr. Banks, but "Hamilton Brown, LLP" was listed in the signature block of the Complaint dismissed by the District Court discussed above—indicating that it too, is an alias of Mr. Banks. The

---

[1] Section 303 of Title 11 requires that the "noncontingent, undisputed claims" of the Petitioning Creditors ". . . aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims[.]" 11 U.S.C. § 303(b)(1).

Involuntary Petition further lists the address of Hamilton Brown, LLP, as well as the third petitioning creditor, Hexagon LLC, as having the same street address as this Court. Moreover, no typewritten or printed name and/or mailing address is provided for the individuals allegedly signing in their representative capacities for either Hamilton Brown, LLP or Hexagon, LLC, nor are their respective signatures legible. Each of these irregularities are indicators that the Involuntary Petition is not filed in good faith and is nothing but an effort by Mr. Banks to intentionally circumvent the Vexatious Litigant Order, now supplemented by the District Court Order, barring him from pursuing claims without first obtaining leave from the District Court.

This Court is a unit of the District Court. 28 U.S.C. § 151. Prior to filing the Involuntary Petition, no leave was sought by or granted to Frederick Banks in accordance with the District Court Order. This absence of relief, as well as the Voluntary Petition's failure to meet the requirements of 11 U.S.C. § 303, and the irregularities plaguing the Involuntary Petition detailed above, lead this Court to conclude that dismissal of the Involuntary Petition is warranted.

In finding that dismissal is warranted, the Court notes that subsequent to the filing of the Involuntary Petition, the District Court has entered an Order dated October 3, 2017, expanding the Vexatious Litigant Order to "all filings made by Mr. Banks, in his name or under his known alias(es), whether on his behalf or on behalf of anyone else." See Order, In re Frederick Banks "Next Friend" Filings, 15-cr-174, ECF No. 137 ("Second District Court Order"). The

4

Second District Court Order, attached hereto as Exhibit "B", provides that any and all submissions to the District Court (and by extension, this Court) not in compliance with the Vexatious Litigant Order will be returned to Mr. Banks, unfiled. The Court finds it appropriate to incorporate the terms of the Second District Court Order herein.

Therefore, pursuant to the District Court Order, the Second District Court Order, and 11 U.S.C. § 105(a), an Order will be contemporaneously entered ordering the ***dismissal with prejudice*** of the Involuntary Petition (ECF No. 1), and further ordering that any future submissions to the Court not made in compliance with the Vexatious Litigant Order, as thereafter expanded, be returned to Mr. Banks, unfiled.

**BY THE COURT,**

Dated:  October 6, 2017

JEFFERY A. DELLER                 mas
**Chief United States Bankruptcy Judge**

Cm:  Frederick Banks

FILED
10/6/17 12:24 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**EXHIBIT "A"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BANKS,    )
           )
           )
     Plaintiff,  )  Civil Action No. 17-mc-632
           )
   v.       )  Judge Cathy Bissoon
           )
SOO SONG, *et al.*,    )
           )
           )
     Defendants. )

## ORDER DISMISSING CASE WITH PREJUDICE

On December 8, 2015, this Court issued an Order designating Plaintiff a vexatious

litigant.  (See Civil Case No. 15-1400, Doc. 7).  Pursuant to that Order, Plaintiff "is enjoined

from filing, without prior authorization of the Court, any complaint, lawsuit or petition for writ

of mandamus," and "must file a motion for leave to file along with any new complaint, lawsuit

or petition for writ of mandamus that he proposes to file, and must attach a copy of this Order to

it." (Id.).  In addition, the Court's December 8, 2015 Order states that "as an exhibit to any

motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C.

§ 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never

been previously raised by the filer in this or any other court, (b) the claim or issue is not

frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for

jurisdiction and venue in the Western District of Pennsylvania." (Id.).

Since the Court issued its Vexatious Litigant Order, Plaintiff has filed or attempted to file

at least 22 new lawsuits, as well as numerous frivolous motions to reopen earlier actions.  (See

Civil Action Nos. 15-mc-882, 15-mc-877, 15-mc-885, 15-mc-936, 15-cv-1385, 15-cv-1400, 15-

cv-1439, 15-cv-1584, 16-mc-58, 16-mc-61, 16-mc-79, 16-mc-80, 16-mc-335, 16-mc-650, 17-

mc-515, 17-mc-604, 17-mc-619, 17-mc-620, 17-mc-632, 17-mc-668, 17-mc-669, 17-mc-670,

17-mc-671, 17-mc-672, 17-mc-673, 17-mc-674).   None of these various petitions, complaints

and/or motions comply with the Court's December 8, 2015 Order.

Most of Plaintiff's recent lawsuits, including this one, arise out of the criminal

proceedings instituted against him at Criminal Action No. 15-168.  Among other things, Plaintiff

seems to take issue with his continued confinement pending the district court's determination

regarding his competency to stand trial.  In addition to being deficient due to their failure to

comply with this Court's December 8, 2015 Order, these various petitions and complaints are

patently frivolous.  As Judge Hornak aptly stated in a recent order:

> Banks himself bears significant if not exclusive responsibility for
> any such delay in th[e] Court's rendering a competency
> determination due to the nature of his repetitive pro se filings of
> similar tenor on this Court's docket (despite this Court's repeated
> instruction to make any such filings through counsel pending such
> determination), particularly as to the content of such filings (for
> example, seeking sanctions in the form of "Black Magik" and
> purportedly engaging Ms. Ivanka Trump (yes, the President's
> daughter) in his pursuits in this Court)).

(Criminal Action No. 15-168, Doc. 414).

Unfortunately, Plaintiff has made clear that he does not intend to stop filing these

frivolous lawsuits.  On July 17, 2017, the public record reflects that Plaintiff called Judge

Hornak's chambers "to advise the Court in advance that he was going to file 700 complaints

against this Court."  (Criminal Action No. 15-168, Doc. 402).

Simply put, Plaintiff has refused to abide by the Court's December 8, 2015 Order and, as

an appropriate sanction, the Court will dismiss this action with prejudice.  See Mindek v. Rigatti,

964 F.2d 1369, 1373 (3d Cir. 1992) (finding dismissal with prejudice appropriate when parties

"refuse to abide by prescribed rules of court" and "will not obey court orders"); Orama v. Boyko,

243 Fed. Appx. 741, 743 (3d Cir. 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective").

Furthermore, the Court hereby reiterates to the Clerk's Office that, under the terms of the undersigned's Vexatious Litigant Order, it is not to accept and/or docket (including in any miscellaneous docket) any application for leave to proceed in forma pauperis, complaint, petition, or other filing by Plaintiff on his behalf (or on behalf of Plaintiff's alias "Hamilton Brown"), even if transferred from other another district court, unless it is accompanied by the required Motion for Leave and declaration, AND the Court has granted leave.  Plaintiff is forewarned that any Motion for Leave and/or declaration is subject to the requirements of Federal Rule of Civil Procedure 11, and that the Court will not hesitate to consider sanctions should the Court find that Plaintiff has violated Rule 11.

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 1) is DENIED and his complaint is DISMISSED with prejudice.  PLAINTIFF IS PUT ON EXPLICIT NOTICE THAT ALL FUTURE NON-COMPLIANT FILINGS WILL NOT BE DOCKETED BY THE COURT, BUT RATHER WILL BE RETURNED TO PLAINTIFF WITHOUT FURTHER EXPLANATION.

IT IS SO ORDERED.

3

August 4, 2017

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

CC (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

FREDERICK BANKS
05711068
NEOCC
2240 Hubbard Rd.
Youngstown, OH 44505

**EXHIBIT "B"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE* FREDERICK BANKS "NEXT FRIEND" FILINGS, | ) ) ) | Judge Cathy Bissoon |
| Petitioner. | ) ) ) ) | Filed in: U.S. v. Daniel K. Miller, Criminal Action No. 15-174. |

---

## ORDER

Petitioner Frederick Banks has not shown good cause why the Vexatious-Litigant Order should not be expanded to his attempted filings in other litigants' cases. Petitioner's response (Doc. 125) to the Show Cause Order dispels the notion that he "is truly dedicated to the best interests of the person[s] on whose behalf he [has sought] to litigate." *See* SCO (Doc. 121) at 2 (summarizing next-friend standards). Conclusory references to the other litigants aside, the contents of Petitioner's response demonstrate that the agenda(s) he seeks to advance are his own. *See* Doc. 125 (reiterating Mr. Banks's longstanding grievances with various actors, including the FBI and Judge Eddy); *cf. also* Doc. 136 (Mr. Banks's "Supplemental Reply" to SCO, addressing and attaching proposed plea-agreement purportedly offered to Mr. Banks in connection with criminal charges pending against him).

Otherwise, Petitioner has not, and under the circumstances cannot, overcome the plethora of legal deficiencies catalogued in the SCO. *See* Doc. 121 (Mr. Banks has no valid interest in the other litigants' cases; he is not authorized to provide legal-representation to other individuals; he has failed to demonstrate a significant relationship with them; and he has not proven them

to suffer "inaccessibility, mental incompetence, or [some] other disability" preventing them from advancing their own interests).[1]

For all of these reasons, and for the ones stated in the SCO and the decisions incorporated therein by reference, it hereby is **ORDERED** that <u>**the Vexatious-Litigant Order is extended to all filings made by Mr. Banks, in his name or under his known alias(es), whether on his behalf or on behalf of anyone else**</u>.

Consistent with this ruling, Mr. Banks is prohibited from filing materials in a representative capacity ("next friend," or otherwise), unless and until: (1) he complies with all provisions of the Vexatious-Litigant Order; and (2) he provides written, detailed statements and proofs demonstrating, under prevailing legal standards, the propriety of allowing him to act in a representative capacity on behalf of the person(s) whose interests he purports to advance.

Finally, <u>**Mr. Banks hereby is placed on notice that any submission made by him, on his own behalf or on behalf of any other existing or putative litigant, that is not in compliance with the Vexatious-Litigant Order, as now expanded, will be returned to him, unfiled**</u>, at the return-address provided on the envelope-of-submission.[2]

---

[1] Although Petitioner claims to have made filings in Mr. Sheppard's cases at that Defendant's behest, *see* Doc. 125 at 3, conspicuously absent from the record is any indication that Mr. Sheppard, (a) is incapacitated, and, (b) he wishes to cede all legal representation to Mr. Banks. *See* SCO (Doc. 121) at 3 & n.1 (highlighting indicia of Mr. Sheppard's continued desire to litigate his own cases, *pro se*, and clarifying that "Mr. Sheppard cannot, selectively, be 'competent' for the purposes of his [own] filings, but 'incompetent' for the purposes of Mr. Banks's").

[2] This Order does not purport to govern Mr. Banks's active criminal matter. *See* <u>U.S. v Banks</u>, Crim. Action No. 15-168 (W.D. Pa.) (Hornak, J., presiding). All issues related to filing, in that case, are reserved to Judge Hornak.

2

IT IS SO ORDERED.


October 3, 2017                                s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge



cc (via First-Class U.S. Mail):

Frederick Banks
05711068
NEOCC
2240 Hubbard Road
Youngstown, OH  44505


cc (via ECF email notification):

All counsel of record